**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JHON MAYKEL CORREA SANGUCHO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**JASON BENZEL, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-13174 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Jhon Maykel Correa Sangucho, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Detention Center, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Ecuador who entered the United States in 2022. (ECF No. 1 ¶ 1).

3. On October 31, 2024, ICE issued Petitioner a Notice to Appear asserting that Petitioner was present in the United States without admission or parole. (ECF No. 5-4 at 4).

4. Petitioner was detained by ICE on October 7, 2026. (ECF No. 1 ¶ 32). A warrant for his arrest issued on October 8, 2026. (ECF No. 5-5 at 1).

5. On October 11, 2026, ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 5-6 at 1). Petitioner requested a review of that determination by an immigration judge. (*Id.*)

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

8. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under §1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

9. A Notice to Appear initiating removal proceedings was issued on October 31, 2024. (ECF No. 5-4 at 4). A warrant was issued for Petitioner's arrest on October 8, 2026. (ECF No. 5-5 at 1). Petitioner is now in custody pursuant to that warrant and ICE's custody determination pursuant to §1226. (ECF No. 5-6 at 1).

10. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

11. Petitioner requested a bond hearing to review ICE's custody determination. (ECF No. 5-6 at 1). It does not appear that one has been conducted or scheduled.

12. This Court concludes that release is not an appropriate remedy, but it will grant the Petition to the extent that a bond hearing must be scheduled.

13. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 28, 2026